**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ajilon Professional Staffing, LLC, a Delaware company, | No. CV-09-561-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Shad Griffin and Jane Doe Griffin, individuals residing in the State of Arizona; and The Lucas Group, a limited liability company, | |
| Defendants. | |

On August 6, 2009, the parties filed a joint report stating that a settlement of all claims had been reached. Dkt. #70. Plaintiff Ajilon Professional Staffing, LLC ("Ajilon") and Defendant Lucas Group have executed a written settlement agreement, and Ajilon's claims against Lucas Group have been dismissed. *See* Dkt. ##73, 74.

Ajilon has filed a motion to enforce the settlement agreement between Ajilon and Defendant Shad Griffin. Dkt. #72. The motion has been fully briefed. Dkt. ##75, 76. For reasons that follow, the Court concludes that an evidentiary hearing is necessary in order to enforce the settlement between Ajilon and Griffin.

It is well established that a district court has "the inherent power summarily to enforce a settlement agreement with respect to an action pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). This well-settled practice, however, has limits. "Where material facts concerning the *existence* or *terms* of an agreement to settle are

in dispute, the parties must be allowed an evidentiary hearing." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (emphasis in original).

Ajilon asserts that the parties orally agreed, among other things, to a written settlement agreement that incorporates the terms of the preliminary injunction. Dkt. #72 at 2. Griffin acknowledges that the parties have reached a settlement in principle. Dkt. #75 at 1. He asserts, however, that the proposed written agreement fails to provide end dates for terms relating to the injunction. *Id.* at 2. He further asserts that he needs clarification relating to the attorney fees provision of the written agreement. *Id.* Griffin has declined to sign the written agreement on the ground that it "has terms different from the parties' original oral settlement." *Id.*

A genuine dispute exists over terms of the settlement. The terms at issue relate to (i) the length of time Griffin will be enjoined from engaging in certain conduct and (ii) the right to recover attorney fees. Those terms are not immaterial. An evidentiary hearing must therefore be held to resolve the dispute. *See Callie*, 829 F.2d at 890; *see also In re Shugg*, No. CV-05-4158-PHX-JAT, 2006 WL 1455568, at *10 (D. Ariz. May 22, 2006).

**IT IS ORDERED:**

1. An evidentiary hearing on the motion to enforce settlement agreement (Dkt. #72) is set for **December 4, 2009 at 2:00 p.m.** The hearing will last no more than one hour. The parties and their counsel shall appear at the hearing in person.
2. If the parties are able to resolve their dispute prior to the evidentiary hearing, they shall promptly notify the Court and file a stipulation of dismissal.

DATED this 4th day of November, 2009.

_____
David G. Campbell
United States District Judge